[No. 23000.   Department One.   July 21, 1931.]

EMILY TISON, *Respondent*, v. AMERICAN NATIONAL IN-
SURANCE COMPANY, *Appellant*.[1]

[1]Reported in 1 P. (2d) 859; 3 P. (2d) 998.

*M. W. Vandercook,* for appellant.

*Wesley Lloyd,* for respondent.

PARKER, J.—The plaintiff, Mrs. Tison, commenced this action in the superior court for Pierce county seeking recovery upon a two thousand dollar accident life insurance policy issued by the defendant, insurance company, insuring for her benefit the life of her deceased husband. The cause proceeded to trial in the superior court, sitting with a jury, resulting in a verdict awarding to Mrs. Tison against the company recovery for the full amount of the policy. Final judgment was rendered accordingly, from which the company has appealed to this court.

The principal contention here made in behalf of the insurance company is that the superior court should have taken the case from the jury and decided, as a matter of law, that Mrs. Tison is not entitled to recover; timely, appropriate motions having been made in that behalf. The argument is, in substance, that the case should have been so disposed of upon the theory that Tison, in his application for the policy, made false statements as to his then physical condition with intent to deceive the company.

The facts, as we think the jury was warranted in viewing them and evidently did view them, may be fairly summarized as follows: On November 16, 1928, Tison, at Eatonville, in Pierce county in this state, signed a filled-out blank application for the policy in

question, reading, in so far as need be here noticed, as follows:

"I hereby apply to the American National Insurance Company of Galveston, Texas, for a policy to be based upon my answers to the following questions: . . . Is your hearing or vision impaired and have you any infirmity, deformity or defect? No."

Tison was solicited to make and sign this application by the agency director of the Pacific Northwest Insurance Agency, Inc., the manager of the Pacific Coast Department of the company located at Seattle. The agency director filled out the blank, writing the answers, as he says, according to oral statements then made by Tison to him.

Tison was then forty-nine years old. He had for many years been a machinist and blacksmith, following one or the other of those occupations very efficiently, without any apparent handicap by reason of impaired eyesight. He had been blind in one eye since he was about nine years old, having then by an accident lost the sight of that eye. The ball of that eye had not been removed, but it was shrunken and was white all over it. Its appearance was such that a casual observer of him would almost certainly notice that it was sightless. The agency director not only saw Tison while filling out the blank application, but also saw and talked to Tison on two or three other occasions before the issuance of the policy. On December 1, 1928, the policy was issued to Tison by the Seattle office of the company.

On December 10, 1928, Tison was killed in his home near Eatonville by being shot by a burglar who had entered his home. Soon thereafter, Mrs. Tison presented to the company due proof of Tison's death and the cause thereof, and demanded payment of the two

thousand dollar insurance. Thereafter on February 18, 1929, the Seattle office of the company notified Mrs. Tison by letter denying liability under the policy, assigning as the only reason therefor the following:

"The Company denies any further liability under the policy due to the fact that Mr. Tison stated in his application that his vision was not impaired and upon investigation we find that Mr. Tison had lost the sight of one eye completely quite a number of years ago and had this been stated on the application by Mr. Tison, the Company would not have issued him the policy."

Thereafter this action was commenced, resulting in verdict and judgment awarding to Mrs. Tison recovery from the company as above noticed.

It may be conceded that Tison's answer "No" to the application question, "Is your hearing or vision impaired and have you any infirmity, deformity or defect?" was in a sense untrue, yet the jury might well believe, and evidently did believe, that Tison's blindness in one eye was not such an impairment of his vision as to, in any substantial degree, interfere with his usual vocations as machinist or blacksmith, or interfere with his activities in any other respect. He had passed through some forty years of active life without that impairment of vision, if it may be so characterized, being of any substantial hindrance to him in either of these vocations, which necessarily called for the use of good eyesight. However, his answer must have been not only untrue, but it must have been made with intent to deceive the company to render it free of liability, as we have repeatedly held in view of that portion of Rem. Comp. Stat., § 7078, which has been a part of our insurance code since 1911, reading as follows:

"No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of in-

surance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching, unless such misrepresentation or warranty is made with the intent to deceive.''

See our recent *en banc* decision in *Houston v. New York Life Insurance Co.,* 159 Wash. 162, 292 Pac. 445. We are of the opinion that, under the facts disclosed by the evidence which we have above summarized, it should not be held, as a matter of law, that Tison made the negative answer to the application question above quoted with intent to deceive the company, and that that question was by the trial court properly given to the jury to decide.

It is further contended that the company is in any event entitled to a new trial, it being argued in that behalf that the trial court erred in admitting evidence tending to show that the company's agency director, evidently its principal soliciting agent, acquired knowledge of Tison's being blind in one eye at the time he procured from Tison the application for the insurance and before the issuance of the policy. It seems clear to us that such evidence was admissible as bearing upon the question of Tison's intent to deceive the insurance company. *Brigham v. Mutual Life Ins. Co.,* 95 Wash. 196, 163 Pac. 380.

We think the case does not call for further discussion, and conclude that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, MITCHELL, and HOLCOMB, JJ., concur.

### ON REHEARING EN BANC.
[October 22, 1931.]

PARKER, J.—The insurance company petitioned for a rehearing by the court, sitting *En Banc,* which peti-

tion was granted, and the cause was reargued accordingly.

It is now argued in behalf of the insurance company that the controlling statute touching the effect of untrue statements in applications for accident insurance, such as is drawn in question in this case, is Rem. Comp. Stat., § 7238, and not section 7078, noticed and assumed in the Department opinion to be controlling in this case. It was argued, by brief and orally, before Department One, that Tison, in his application for the insurance, made a false statement as to his vision with intent to deceive the insurance company. Section 7078 was the only statute then called to the attention of the court as being of any controlling force in the case. That section is general in its terms, reading as follows:

"No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching, unless such misrepresentation or warranty is made with the intent to deceive. . . ."

Not until the filing of the insurance company's petition for rehearing was § 7238 called to our attention. It is a later enactment, in force when this policy was issued. It refers to applications for accident insurance. Therein we read:

"The falsity of any statement in the application for any policy covered by this section [accident insurance] shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

This language is, in substance, carried into the still later enactment of Chapter 124, Laws of 1929, p. 294,

§ 5, relating to accident insurance. That, however, occurred after the issuance of this policy.

Turning now to the record in this case, we find that the trial court instructed the jury, in part, as follows:

"Under the law of the state of Washington, regardless of the terms of any insurance policy, or contract, the falsity of any statement in the application for any policy of insurance shall not bar the right to recovery thereunder, unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.

"In that connection, I charge you that it will first be your duty to determine whether or not the statements made by Julian J. Tison were false, and before you can determine that they were false, you must be convinced by a fair preponderance of the evidence to that effect.

"It will then be your duty, if you should determine that they were false, to determine whether or not, further, they were made with an actual intent to deceive, or they materially affected the acceptance of the risk or the hazard assumed by the insurer, and even if you find they were false, unless they were made with actual intent to deceive or materially affected either the acceptance of the risk or the hazard assumed by the insurer, then you would still find for the plaintiff. . . ."

This, manifestly, was a fair submission of the cause to the jury under § 7238, above quoted, which we now assume is the controlling statute applicable to this case.

The real contention now made in behalf of the insurance company is that it should be decided, as a matter of law, that the application statement of Tison touching his vision "materially affected the acceptance of the risk." We are of the opinion that it should not be so decided, as a matter of law, under the facts appearing by the evidence, as the jury had the right to

view them. We think that the facts are sufficiently noticed in the opinion of Department One.

The judgment of the superior court is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, HOLCOMB, MILLARD, BEELER, and HERMAN, JJ., concur.

BEALS, J., dissents.